IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO E. FLINT, JR., | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:92-CR-0145-ODE-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:14-CV-0188-ODE-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Lorenzo E. Flint, Jr.'s Federal Rule of Civil Procedure 60(b) motion for relief from the Court's December 21, 2001, judgment denying his first 28 U.S.C. § 2255 motion as time barred. [Doc. 633]. Although Flint's Rule 60(b) motion has been docketed as a successive § 2255 motion, it does not raise any substantive claims for relief and only attacks the Court's statute of limitations ruling. Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion, Civil Action No. 1:14-CV-0188-ODE-RGV, be **TERMINATED**. See Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) (holding that where a "Rule 60(b) challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition"). Additionally, for the following reasons, the undersigned

**RECOMMENDS** that Flint's Rule 60(b) motion, [Doc. 633], be **DENIED** as untimely.

## I. DISCUSSION

In 1993, Flint was convicted and sentenced to a thirty-year term of imprisonment for crack cocaine offenses. [Docs. 303, 320]. The United States Court of Appeals for the Eleventh Circuit summarily affirmed Flint's convictions and sentences on direct appeal. United States v. Flint, 48 F.3d 535 (11th Cir 1995) (table). Flint then filed a motion for a new trial, [Docs. 342, 367], which the Court denied, [Doc. 369]. Flint next moved to dismiss the indictment for alleged prosecutorial misconduct, [Doc. 371], and the Court also denied that motion, [Doc. 382]. The Eleventh Circuit affirmed the denial of both motions. [Doc. 392].

In 2000, Flint filed a § 2255 motion, [Doc. 394], which he supplemented or amended eleven times, [Docs. 396, 398, 407, 409, 410, 412-13, 415-17, 421]. On December 21, 2001, the Court denied Flint's initial § 2255 motion as time-barred because Flint had filed it more than five years after his conviction became final. [Doc. 447]. The Eleventh Circuit denied Flint a certificate of appealability.[1] [Doc. 459].

---

[1] Flint has repeatedly attacked his sentence both directly and collaterally, and the Court has continually denied his motions. See [Doc. 617 at 2]. Flint "has even attacked his sentence in other federal district courts." [Id.].

2

In Flint's Rule 60(b) motion, which he submitted on January 14, 2014, he argues that the Court improperly dismissed his initial § 2255 motion as time barred. [Doc. 633]. Specifically, Flint contends that the Court erred in rejecting his arguments that his claims were timely brought because they relied on newly discovered evidence and that he was entitled to equitable tolling. [Id. at 5-6, 11, 14-17].

Rule 60(b) provides relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, a Rule 60(b) motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Flint filed the instant Rule 60(b) motion more than twelve years after the decision he challenges, and he gives no reason for his delay. Accordingly, it is due to be dismissed as untimely. See Solomon v. United States, 300 F. App'x 857, 858 (11th Cir. 2008) (per curiam) (finding that Rule 60(b) motion filed nine years after the denial of habeas relief was not filed within a reasonable time).

3

AO 72A
(Rev.8/82)

## II.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Flint's § 2255 motion, Civil Action No. 1:14-CV-0188-ODE-RGV, be **TERMINATED**, and that his Rule 60(b) motion, [Doc. 633], be **DENIED** as untimely.

The Clerk is **DIRECTED** to terminate the referral of Flint's motion, [Doc. 633], to the Magistrate Judge.

**SO RECOMMENDED**, this 27th day of January, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE