FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 13 2014

James N. Hatten, Clerk
By: /s/ M Cauthen

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO E. FLINT, JR.,<br>  Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: | CRIMINAL NO.<br>1:92-CR-0145-ODE-RGV-1 |
| UNITED STATES OF AMERICA,<br>  Respondent. | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:14-CV-0188-ODE |

## ORDER

This matter is currently before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 634] and Lorenzo E. Flint, Jr.'s objections thereto [Doc. 638]. The Court reviews de novo the portions of the R&R to which Flint has objected and reviews for plain error the remaining portions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

In 1993, this Court convicted and sentenced Flint to a thirty-year term of imprisonment for crack cocaine offenses. [Docs. 303, 320]. The United States Court of Appeals for the Eleventh Circuit summarily affirmed Flint's convictions and sentences on direct appeal. United States v. Flint, 48 F.3d 535 (11th Cir. 1995) (table). Flint then filed a motion for a new trial, [Docs. 342, 367], which this Court

denied, [Doc. 369]. Flint next moved to dismiss the indictment for alleged prosecutorial misconduct, [Doc. 371], and this Court also denied that motion, [Doc. 382]. The Eleventh Circuit affirmed the denial of both motions. [Doc. 392].

In 2000, Flint filed a § 2255 motion, [Doc. 394], which he supplemented or amended eleven times, [Docs. 396, 398, 407, 409, 410, 412-13, 415-17, 421]. On December 21, 2001, this Court denied Flint's initial § 2255 motion as time-barred because Flint had filed it more than five years after his conviction became final. [Doc. 447]. The Eleventh Circuit denied Flint a certificate of appealability. [Doc. 459].

Flint has repeatedly attacked his sentence both directly and collaterally, and the Court has continually denied his motions. See [Doc. 617 at 2]. Among these numerous motions was a motion for relief from the judgment dismissing his § 2255 motion as time barred. [Docs. 473, 475]. Flint "has even attacked his sentence in other federal district courts." [Doc. 617 at 2].

In Flint's latest motion, which he brought pursuant to Federal Rule of Civil Procedure 60(b) motion and submitted on January 14, 2014, he argues that this Court improperly dismissed his initial § 2255 motion as time barred. [Doc. 633]. Specifically, Flint contends that this Court erred in rejecting his arguments that his

claims were timely brought because they relied on newly discovered evidence and that he was entitled to equitable tolling. [Id. at 5-6, 11, 14-17].

The Magistrate Judge recommended that Flint's Rule 60(b) motion be dismissed as untimely. [Doc. 634]. Flint objects that the law of this circuit prevented him from filing a Rule 60(b) motion sooner, that he has diligently pursued his rights, and that the Court should consider the merits of his motion. [Doc. 638 at 5-13]. The Court rejects Flint's arguments and notes that, in 2003, Flint filed a motion for relief from the judgment dismissing his § 2255 motion as time barred. [Docs. 473, 475].

The Court has conducted a careful review of the R&R and Flint's objections thereto. Having done so, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Flint's objections have no merit.

Accordingly, the Court **ADOPTS** the R&R [Doc. 634] as the opinion and order of the Court, **TERMINATES** Flint's § 2255 motion, Civil Action No. 1:14-CV-0188-ODE-RGV, and **DENIES** his Rule 60(b) motion, [Doc. 633], as untimely.

**SO ORDERED**, this __13__ day of March, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE